IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIAN KEITH WANNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 2:17-cv-728-WHA-GMB |
| | ) | [WO] |
| LIFE TECH TRANSITION FACILITY, | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Plaintiff Brian Keith Wanner in which he challenges the constitutionality of his care during his stay at the LIFE Tech Transition Facility in Thomasville, Alabama. Doc. 1 at 2–3. Upon review of the complaint, the undersigned Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## I. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Venue for civil actions is proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be

---

[1] Wanner also filed a motion to proceed *in forma pauperis*. *See* Doc. 2. The court will defer any ruling on this motion to the transferee court.

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The LIFE Tech Transition Facility is located in Thomasville, Clarke County, Alabama, which is within the jurisdiction of the United States District Court for the Southern District of Alabama. Consequently, the actions about which Wanner complains occurred in the jurisdiction of that court, and presumably the bulk of the witnesses and evidence relating to these actions are also located in the Southern District of Alabama. Under these circumstances, venue is proper in the United States District Court for the Southern District of Alabama. Therefore, the court concludes that in the interest of justice and for the convenience of the parties and any potential witnesses, this case should be transferred to the United States District Court for the Southern District of Alabama.

## II. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **November 13, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 30th day of October, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE