IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN KEITH WANNER, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 17-0526-TM-N |
| LIFE TECH TRANSITION FACILITY, | : | |
| Defendant. | : | |

**ORDER**

On August 9, 2018, the magistrate judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and failure to comply with the court's orders. *See* Doc. 25. No objections were filed to the recommendation.

On May 24, 2018, the magistrate judge ordered Plaintiff to file a second amended complaint. *See* Doc. 21. On July 2, 2018, the magistrate judge extended the deadline. *See* Doc. 24. The magistrate judge further warned plaintiff that "failure to comply with this order within the prescribed time will result in a recommendation of dismissal of this action for failure to prosecute and to obey the Court's order." *Id*. Plaintiff failed to respond. As a result the magistrate judge entered this report and recommendation for dismissal.

28 U.S.C. § 1654 permits a person to "plead and conduct their own cases personally or by counsel." Even so, *pro se* litigants are required to conform to the procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Vil v. Perimeter Mortgage Funding Corp*., 715 F. App'x 912 (11th Cir. Oct. 31, 2017). Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am.*

*Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil*, 715 F. App'x at 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

There has been no response to the prior court orders or even to the report and recommendation. "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is hereby **DISMISSED without prejudice** for failure to prosecute and obey the Court's order. Any remaining motions are **DENIED as moot**.

**DONE and ORDERED** this 5th day of October, 2018.

/s/ Terry F. Moorer
**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**